17122.   WALKER, executor, *et al. v.* CAMPBELL.

1. The motion to dismiss the bill of exceptions is denied.
2. The amendment to the original claim was properly allowed.
3. The court was authorized to hold that Mrs. Campbell was a general depositor under the banking act.

DECIDED APRIL 14, 1926.

Claim; from Morgan superior court—Judge Fortson presiding. December 12, 1925.

Application for certiorari was denied by the Supreme Court.

*E. R. Lambert, E. H. George,* for plaintiffs in error.

*A. G. Foster, Jones, Park & Johnston,* contra.

BROYLES, C. J.   The defendant in error filed with T. R. Bennett, superintendent of banks for the State of Georgia, her claim against the Morgan County Bank, which was based upon a common-law judgment against the bank, obtained by her in the superior court of Morgan county while the bank was in the hands of Bennett as superintendent of banks. She claimed that her debt was entitled to priority out of the assets of the bank, as a debt due by the bank as a trustee or other fiduciary, and as a claim of like character. Subsequently P. G. Walker and B. J. Anderson, as executors of the estate of J. J. Clack, deceased (the estate being a depositor and a stockholder of the bank), filed objections with the superintendent of banks to the allowance of the claim. The superintendent of banks neither allowed nor rejected the claim, but, as he had authority to do, referred the claim, with the objections thereto, to the superior court of Morgan county. While the case was pending in the superior court various other stockholders in the bank intervened and filed their objections to the allowance of the claim. The case was, by consent of all parties, heard by the judge without the intervention of a jury, and a judgment was rendered that Mrs. Campbell should be classed as a general depositor under the banking act. A motion for a new trial, made by the objectors, was overruled, and the movants excepted. Before the judgment was rendered, Mrs. Campbell filed an amendment to her claim, in which she alleged that her debt was entitled to priority of payment out of the assets of the bank not only because it was a debt due by the bank as trustee or other fiduciary and was a claim

Appeal and Error, 4 C. J. p. 324, n. 34.
Banks and Banking, 7 C. J. p. 743, n. 81 New.

of like character, but also because she was a depositor in the bank. This amendment was demurred to by the objectors. The demurrer was overruled and the amendment allowed, and the objectors excepted.

The amendment to Mrs. Campbell's original claim was properly allowed.

Under all the facts of the case the court was authorized to hold that Mrs. Campbell was a general depositor in the bank. None of the grounds of the amendment to the motion for a new trial show reversible error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., not participating, on account of illness.*